MERCED LOPEZ v. J. M. RODRIGUES ET AL.

(No. 1998.)

ORIGINAL APPLICATION from Webb County. Opinion by WHITE, P. J.

DODD & PIERCE, counsel for applicant.

§ 112. *Injunction; jurisdiction of court of appeals to grant writs of, etc.; extent of such jurisdiction; case stated.* This is an original application to this court for a writ of injunction to restrain the county judge of Webb county, and the other defendants herein, from further proceedings in a certain suit pending in the county court of said county, until said cause can be legally tried in said court. The facts as alleged in the application are, that on the 2d day of February, 1886, a judgment was rendered against applicant Lopez, in justice's court, in favor of one Chara, in an action of forcible detainer. Lopez perfected an appeal from said judgment to the county court then in session. Applicant seeks the writ of injunction to prohibit the hearing and determination of said suit during said present term of the county court,

because the statute provides that in such case a trial cannot be had unless the transcript and papers had been filed in the county court on or before the first day of the first term of said court after the appeal had been taken. [R. S. art. 2457.] In this case the transcript and papers were filed in the county court *after* the first day of the term, the said term having already commenced before said cause was tried in justice's court, and the appeal having been perfected after said county court had been in session one day. Whilst the court of appeals is, by the constitution, given appellate jurisdiction in all civil cases, unless otherwise provided by law, of which county courts have original or appellate jurisdiction, and under such regulations as may be prescribed by law, to issue such writs as may be necessary to enforce its own jurisdiction [Const. art. V, sec. 6; R. S. arts. 1068, 1069], we are not aware of any authority conferred by the constitution or laws which empowers this court to exercise jurisdiction in cases not appealed to it, or to issue extraordinary writs, save where such writs may be necessary to enforce its own jurisdiction. This application presents no such case. This court has acquired no jurisdiction of the case by appeal or otherwise, and the issuance of the writ would not be to enforce any jurisdiction of this court.

§ 113. *Injunction will not be granted, when.* But if this court had jurisdiction to grant the relief prayed for, it would not grant it, because the petition does not show sufficient ground to authorize the exercise of such power. Such equitable and extraordinary remedies cannot be resorted to, and availed of, when the party seeking them has a full and complete remedy at law. In this case such legal remedy is afforded the applicant. He may have his action for trespass, damages, waste, rents or mesne profits, and any such action is not barred or affected by the proceedings in the forcible detainer suit. [R. S. art. 2463.]

February 17, 1886.          Application refused.